**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Sharon Keene,**
**Petitioner Below, Petitioner**

**vs.)   No. 20-0539** (Morgan County 20-D-AP-2)

**Warren Keene,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Self-represented petitioner Sharon Keene appeals the June 4, 2020, order of the Circuit Court of Morgan County denying her appeal from the February 20, 2020, final order of the Family Court of Morgan County granting the parties a divorce due to irreconcilable differences. Respondent Warren Keene did not file a response.[1]

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties were married in Maryland on November 2, 2013. They last cohabitated

---

[1]Pursuant to Rule 10(d) of the West Virginia Rules of Appellate Procedure, if a respondent fails to respond to an assignment of error, we will assume that the respondent agrees with petitioner's view of the issue. However, we decline to rule in petitioner's favor simply because respondent failed to file a response. *See* Syl. Pt. 8, *State v. Julius*, 185 W. Va. 422, 408 S.E.2d 1 (1991) (holding that we will accept a party's concession only after a proper analysis shows that it is correct).

1

together in Morgan County, West Virginia, on July 30, 2019.[2] Thereafter, petitioner filed a petition for divorce in the Family Court of Morgan County, alleging irreconcilable differences. Respondent filed an answer admitting to the same. Following a January 29, 2020, final hearing,[3] the family court entered its February 20, 2020, final order granting the parties a divorce due to irreconcilable differences and addressing issues of the equitable distribution of marital debts and assets and spousal support.

In that final order, the family court awarded the marital home to petitioner and recognized respondent as the sole owner of an antiques business known as "R Place." The family court noted that other real property had been sold and found that respondent was entitled to $22,000, held in escrow, from the proceeds of that sale. In addition, the family court gave respondent a "Camper automobile" and gave petitioner a Honda Trike and a Dodge Ram Truck. The family court further found that petitioner was the sole owner of miscellaneous personal property located in the marital home, that respondent was the sole owner of miscellaneous personal property located in the antiques business, and that this allocation of personal property was "previously agreed" to by the parties. To equalize the distribution of marital debts and assets, the family court further found that petitioner owed respondent $18,000. The family court ordered petitioner to pay respondent $215 in eighty-four monthly installments beginning on February 1, 2020. Regarding spousal support, the family court noted that respondent waived his right to receive spousal support from petitioner. The family court ordered respondent to pay petitioner $215 per month in spousal support for thirty-six months, beginning on February 1, 2020, "until modified by [o]rder of this [c]ourt, the death of either party, or the remarriage of . . . [p]etitioner, whichever event shall occur first." Petitioner subsequently filed a motion for reconsideration of the final order, which the family court denied by order entered on March 9, 2020.

On March 17, 2020, petitioner filed an appeal from the family court's February 20, 2020, final order, in the Circuit Court of Morgan County, raising four issues. First, petitioner argued that the appraisal of the inventory of the antiques store should have been performed by an antiques dealer rather than an auctioneer. Next, petitioner alleged that respondent "[t]ook money [during the marriage] without [petitioner's] knowledge." Third, petitioner alleged that the parties were in a "sham marriage" because respondent knew "what he could get in a divorce." Finally, petitioner disputed the evidence respondent produced to establish the price of "[a] motor home" respondent purchased after the parties' separation, but with marital funds.

By order entered on June 4, 2020, the circuit court denied petitioner's appeal from the family court's February 20, 2020, order, finding that the first two issues were not preserved for appeal because petitioner failed to raise them with the family court and that, with regard to the remaining two issues, the family court's rulings did not constitute an abuse of discretion. As to the last issue—the value of the motor home that respondent purchased with marital funds—the circuit

[2]No children were born of the marriage.

[3]Prior to the January 29, 2020, final hearing, there were hearings on October 23, 2019, and December 11, 2019. This Court reviewed the video recordings of all three family court hearings.

court noted that the value was included "in the accounting to determine the equitable distribution" of marital debts and assets. As noted by the circuit court, while respondent offered evidence that he paid $2,000 for the motor home, petitioner testified that it was purchased for $6,500. The circuit court found that the family court "did not find . . . petitioner's testimony credible" as there was "no proof" to support her valuation of the motor home. The circuit court concluded that "[a] review of the record does not show that the [f]amily [c]ourt erred in its analysis of the accounting" for the equitable distribution of marital debts and assets.

Petitioner now appeals the circuit court's June 4, 2020, order denying her appeal from the family court's February 20, 2020, final order. In reviewing a circuit court order denying an appeal from a family court order, "we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl., in part, *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004). "On an appeal to this Court[,] the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which [she] complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court." Syl. Pt. 2, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973).

On appeal, petitioner's rambling argument fails to clearly delineate assignments of error. However, it is obvious that petitioner challenges the equitable distribution of marital debts and assets. In its order denying petitioner's appeal from the family court's February 20, 2020, final order, the circuit court found that (1) "[a] review of the record does not show that the [f]amily [c]ourt erred in its analysis of the accounting to determine the equitable distribution"; and (2) the family court "did not find . . . petitioner's testimony credible" as to the value of the motor home at issue because there was "no proof" to support her valuation of that motor home. "An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie*, 194 W. Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995). Here, based on our review of the video recording of the January 29, 2020, final hearing, we find that the family court found that it had to judge each party's credibility based on the amount of documentary proof for their respective claims. Pursuant to *Guthrie*, we find that judging the parties' credibility in light of the documentary evidence was the family court's exclusive function. Accordingly, we find that petitioner cannot show that the family court abused its discretion in determining the equitable distribution of marital debts and assets. Therefore, we conclude that the circuit court properly denied petitioner's appeal from the family court's final order.

For the foregoing reasons, we affirm the circuit court's June 4, 2020, order denying petitioner's appeal from the family court's February 20, 2020, final order.

Affirmed.

**ISSUED:** June 23, 2021

3

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

4